# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| ANGELA JONES, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) Case No. CIV-16-1146-F |
| NANCY A. BERRYHILL, Acting Commissioner of the Social Security Administration, | ) ) ) ) ) |
| Defendant.[1] | ) ) |

## REPORT AND RECOMMENDATION

Plaintiff brings this action pursuant to 42 U.S.C. § 405(g) for judicial review of the final decision of the Commissioner of the Social Security Administration denying Plaintiff's application for benefits under the Social Security Act. The Commissioner has answered and filed a transcript of the administrative record (hereinafter TR. ____). This matter has been referred to the undersigned magistrate judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B)-(C). The parties have briefed their positions, and the matter is now at issue. The Court should **AFFIRM** the Commissioner's decision.

## I. PROCEDURAL BACKGROUND

The Social Security Administration denied Plaintiff's application for disability insurance benefits initially and on reconsideration. Following a hearing, an Administrative

---

[1] Nancy A. Berryhill is now the Acting Commissioner of Social Security. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Nancy A. Berryhill should be substituted for Acting Commissioner Carolyn W. Colvin as the defendant in this suit. No further action needs to be taken to continue this suit by reason of the last sentence of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

Law Judge (ALJ) issued an unfavorable decision. (TR. 19-33). The Appeals Council denied Plaintiff's request for review. (TR. 1-3). Thus, the decision of the ALJ became the final decision of the Commissioner.

## II. THE ADMINISTRATIVE DECISION

In evaluating Plaintiff's claims of disability, the ALJ followed the five-step sequential evaluation process required by agency regulations. *See Fischer-Ross v. Barnhart*, 431 F.3d 729, 731 (10th Cir. 2005); 20 C.F.R. § 404.1520. At step one, the ALJ determined that Plaintiff had not engaged in substantial gainful activity since March 8, 2011, the alleged onset date. (TR. 21). At step two, the ALJ determined that Ms. Jones had the following severe impairments: spine disorder; disorder of muscle, ligament, and fascia; affective disorder; essential hypertension; and thyroid gland disorder. (TR. 21). At step three, the ALJ found that Plaintiff's impairments did not meet or medically equal any of the presumptively disabling impairments listed at 20 C.F.R. Part 404, Subpart P, Appendix 1. (TR. 27).

At step four, the ALJ found that Plaintiff could not perform her past relevant work. (TR. 31). The ALJ further concluded that Plaintiff had the residual functional capacity (RFC) to:

> [P]erform light work as defined in 20 CFR 404.1567(b) except with nonexertional limitations. The claimant can: lift/carry 20 pounds occasionally and 10 pounds frequently; walk/stand up to 6 of 8 hours with normal breaks; and sit for up to 6 of 8 hours. The claimant can perform simple tasks with routine supervision. The claimant can relate to supervisors and peers on superficial work basis, but cannot relate to the general public. The claimant can adapt to a work situation.

(TR. 29).

Based on the finding that Ms. Jones could not perform her past relevant work, the ALJ proceeded to step five. There, the ALJ presented the limitations from the RFC to a vocational expert (VE) to determine whether there were other jobs in the national economy that Plaintiff could perform. (TR. 56-58). Given the limitations, the VE identified three jobs from the Dictionary of Occupational Titles (DOT). (TR. 56-57). The ALJ adopted the testimony of the VE and concluded that Ms. Jones was not disabled based on her ability to perform the identified jobs. (TR. 32-33).

### III. ISSUE PRESENTED

On appeal, Plaintiff alleges error at step five.

### IV. STANDARD OF REVIEW

This Court reviews the Commissioner's final "decision to determin[e] whether the factual findings are supported by substantial evidence in the record and whether the correct legal standards were applied." *Wilson v. Astrue*, 602 F.3d 1136, 1140 (10th Cir. 2010). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* (quotation omitted).

While the court considers whether the ALJ followed the applicable rules of law in weighing particular types of evidence in disability cases, the court will "neither reweigh the evidence nor substitute [its] judgment for that of the agency." *Vigil v. Colvin*, 805 F.3d 1199, 1201 (10th Cir. 2015) (internal quotation marks omitted).

### V. NO STEP FIVE ERROR

At step five, the ALJ adopted testimony from the VE and concluded that Ms. Jones was not disabled because she could perform the jobs of textile sewing machine operator,

apparel stock checker, and motel cleaner. (TR. 32-33). According to Plaintiff, the ALJ erred in reaching this conclusion because the VE had testified that no jobs would be available for an individual with Ms. Jones' limitations. (ECF No. 17:3). This assertion is wrong.

At the hearing, the ALJ presented four hypothetical scenarios to the VE. (TR. 56-59). In the first hypothetical, the ALJ accounted for limitations involving the ability to:

- Perform "light" work, as defined in the regulations,
- Perform work that was "simple and detailed, but not complex or involved instructions,"
- Relate to supervisors and peers on a superficial work basis,
- Contact with the generally public would be limited to "occasional and of low intensity," and
- Adapt to a work situation.

(TR. 56). Based on those limitations, the VE identified the jobs of textile sewing machine operator, apparel stock checker, and motel cleaner. (TR. 32-33).

In hypothetical number two, the limitations remained the same except that the ALJ said that the individual could only perform "simple tasks instead of simple and some complex" tasks. (TR. 57). With the change, the VE testified that the jobs were still available. (TR. 57-58).

In hypothetical number three, the ALJ added an additional restriction to the change that he made in hypothetical number two—eliminating any contact with the general public. (TR. 58). At this point, in hypothetical number three, the restrictions precisely

4

matched Plaintiff's RFC which limited her to: light, simple work, with the ability to relate to supervisors and peers on a superficial work basis and adapt to a work situation, but with no ability to relate to the general public. *Compare* TR. 29 (RFC) *with* TR. 56-58 (hypotheticals). In response to the third hypothetical, the VE testified that the identified jobs would still be available. (TR. 58).

In the final hypothetical, the ALJ added one more restriction to hypothetical number three-the ability to only "occasionally" use the dominate left hand for gross and fine manipulation. (TR. 58-59). With the additional limitation, the VE testified that no jobs would be available, because the jobs that allowed for the hand limitation also involved dealing with the general public. (TR. 59).

Plaintiff argues that the ALJ only presented three hypothetical scenarios and that for the hypothetical which eliminated contact with the general public, the VE testified that "'light, unskilled and no public' equaled no jobs." (ECF No. 17:3). But the VE's testimony to which Ms. Jones refers was in response to the ALJ's *fourth* hypothetical question which also involved the limited use of the dominant hand, *not* the *third* hypothetical question which precisely related Ms. Jones' abilities as reflected in the RFC. *See* TR. 58-59. Accordingly, the Court should reject Plaintiff's sole allegation of error.

## VI. RECOMMENDATION

Having reviewed the medical evidence of record, the transcript of the administrative hearing, the decision of the ALJ, and the pleadings and briefs of the parties, the undersigned magistrate judge recommends that the decision of the Commissioner be **AFFIRMED**.

## VII. NOTICE OF RIGHT TO OBJECT

The parties are advised of their right to file specific written objections to this Report and Recommendation. *See* 28 U.S.C. §636 and Fed. R. Civ. P. 72. Any such objections should be filed with the Clerk of the District Court by **June 2, 2017.** The parties are further advised that failure to make timely objection to this Report and Recommendation waives the right to appellate review of the factual and legal issues addressed herein. *Casanova v. Ulibarri*, 595 F.3d 1120, 1123 (10th Cir. 2010).

## STATUS OF REFERRAL

This Report and Recommendation terminates the referral by the District Judge in this matter.

ENTERED on May 19, 2017.

_____
SHON T. ERWIN
UNITED STATES MAGISTRATE JUDGE